# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RANDALL LEE, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-2088 |
| § | |
| DISH NETWORK, L.L.C., *et al.*, § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 9] filed by Defendants Dish Network, L.L.C. ("Dish") and Stockton Telecommunications, Inc. ("Stockton"), to which Plaintiffs Randall Lee and Okey Grimm filed a Response [Doc. # 11]. Defendants neither filed a reply nor requested additional time to do so. Defendants seek dismissal pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure based on a forum selection clause, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants argue also that their Offer of Judgment renders this case moot.

Having reviewed the record and applicable legal authorities, the Court **denies** the Motion to Dismiss pursuant to Rule 12(b)(3) without prejudice to filing a Motion

to Transfer pursuant to 28 U.S.C. § 1404(a).  The Court **denies** the Rule 12(b)(6) on the issue of Plaintiffs' employee status, **grants** the Motion with leave to replead on the issue of joint employer status, and **denies** the Motion on the Offer of Judgment issue.

## I.   BACKGROUND

Dish is a provider of satellite television service, and Stockton installs satellite systems to enable customers to receive Dish service.  Plaintiffs allege that they are former employees of Dish and Stockton.  Plaintiffs installed Dish satellite systems for Stockton customers.  They allege that they were paid on a piece rate basis, and they complain that they were not paid for time spent traveling between installation jobs and were not paid overtime compensation for hours worked each week in excess of forty.  Plaintiffs assert claims under the FLSA, alleging violations of 29 U.S.C. § 206 (failure to pay minimum wage) and § 207 (failure to pay overtime compensation).[1]

Defendants have moved to dismiss.  Defendants argue that venue in this federal district is improper because an Independent Contractor Agreement signed by each Plaintiff requires that the dispute be resolved in state or federal court in New Mexico.

---

[1] Plaintiffs in their Complaint include a section entitled "Violation of 29 U.S.C. § 211(C)."  *See* Complaint [Doc. # 1], p. 12.  Plaintiffs clarified in their Response that they are not asserting a cause of action under § 211(c) but, instead, seek to "rely upon the reduced burden of proof that applies when a defendant fails to keep adequate records."  *See* Response [Doc. # 11], p. 23.

Defendants argue also that the case should be dismissed because Plaintiffs fail to allege an adequate factual basis for their claims and because the case has been rendered moot by Defendants' Rule 68 Offer of Judgment. The Motion is now ripe for decision.

## II.     RULE 12(b)(3) MOTION BASED ON FORUM SELECTION CLAUSE

Defendants and Plaintiffs have both referred to and attached to their briefing an Independent Contractor Agreement ("Agreement") signed by Lee and Grimm.[2] The Agreement includes a forum selection clause providing that "any controversy, claim or dispute arising out of or relating to this Agreement or the relationship . . . between the parties hereto . . . shall be litigated solely in state or federal court in New Mexico." *See* Agreement, Exh. 2 to Response.

Where, as here, venue would be otherwise proper in this federal district, but an applicable forum selection clause designates a specific federal forum, "a motion to transfer under § 1404(a) is the proper procedural mechanism for enforcing the clause." *See In re Atlantic Marine Const. Co., Inc.*, 701 F.3d 736, 739 (5th Cir. 2012). Consequently, the Court will deny the Motion to Dismiss pursuant to Rule 12(b)(3),

---

[2]Plaintiffs argue that the Agreement is unenforceable because it "is an unconscionable abrogation of rights guaranteed by the FLSA." *See* Response, p. 2. Defendants are not arguing that the Plaintiffs waived their FLSA rights by signing the Agreement. Instead, Defendants argue that the Agreement establishes that Plaintiffs were not "employees" entitled to FLSA protection.

but will allow Defendants to file a Motion to Transfer pursuant to § 1404(a), addressing each of the factors relevant to the § 1404(a) analysis.

### III.   RULE 12(b)(6) MOTION

#### A.   Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

#### B.   Plaintiffs' Status as Employees

Defendants argue that Plaintiffs have failed to provide an adequate factual basis to support their alleged status as employees for purposes of the FLSA claims. "The FLSA gives employees certain protections from employers." *Thibault v. Bellsouth*

*Telecomm., Inc.*, 612 F.3d 843, 845 (5th Cir. 2010). Defendants argue that Plaintiffs are not employees but are, instead, independent contractors.

"The contractual designation of the worker as an independent contractor is not necessarily controlling." *Id.* at 845-46 (citing *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 346 (5th Cir. 2008)). To determine whether a plaintiff is an employee for purposes of an FLSA claim, the Court considers "five, non-exclusive factors: (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer." *See id.* at 946. "[N]o single factor is determinative." *Id.* "The determination of whether an individual is an employee or independent contractor is highly dependent on the particular situation presented." *Id.* at 848.

In this case, Plaintiffs allege that Defendants exercised significant control over them. Specifically, Plaintiffs allege that Defendants provided procedures and guidelines that they were required to follow in performing their work. *See* Complaint, ¶ 3, ¶ 53. Plaintiffs allege that Defendants supervised and inspected their work (*id.*, ¶ 55), tested Plaintiffs on installation tasks and procedures (*id.*, ¶ 56), and provided Plaintiffs with uniforms, identification badges, and vehicles with the Dish logo (*id.*,

¶¶ 61-62). These allegations could feasibly support a finding that Plaintiffs were employees rather than independent contractors. Defendants' Motion to Dismiss on this issue is denied.

### C. Defendants' Status as Joint Employers

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. § 203(d). The term "employer" may include joint employers. *See Salinas v. Rodriguez*, 963 F.2d 791, 793 (5th Cir. 1992) (citing 29 C.F.R. § 791.2). Defendants argue that Plaintiffs have failed to allege an adequate factual basis to support joint employer status in this case.

"Where an employee performs work that simultaneously benefits more than one employer, the concept of 'joint employment' imposes individual and joint FLSA liability on all employers." *Parker v. ABC Debt Relief, Ltd. Co.*, 2013 WL 371573, *4 (N.D. Tex. Jan. 28, 2013) (citing 29 C.F.R. § 791.2(a)). To determine whether joint employment exists, the court considers the totality of the circumstances, "focusing on the economic realities of the particular employment relationship." *Id.* (citations omitted). The Court considers the following factors: "(1) whether the employment takes place on the premises of the company, (2) how much control the company exerts over the employees, (3) whether the company has the power to fire,

hire, or modify the employment condition of the employees, (4) whether employees perform a 'specialty job' within the production line, and (5) whether the employees may refuse to work for the company or work for others." *Id.* (citing *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968)).

In this case, Plaintiffs have failed to allege that they work on either Defendants' premises. Indeed, Plaintiffs allege that they work at customers' locations. *See* Complaint, ¶ 51. Plaintiffs allege that Defendants provided procedures that Plaintiffs were required to follow, and that Defendants inspected their work at the customers' home or office. *See id.*, ¶¶ 53, 55. Plaintiffs do not allege that either Defendant had to power to fire them, and do not allege that they could not refuse to work for either Defendant.[3] The Court finds that Plaintiffs have failed to allege an adequate factual basis to support the allegation that Dish and Stockton were their joint employers.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In their Response, Plaintiffs request leave to amend the complaint should the Court determine that Defendants'

---

[3]Defendants in their Motion assert that each Plaintiff "worked for other companies at the same time they installed for Dish Network." *See* Motion, ¶ 18. This is not alleged in the Complaint, however, and cannot be considered for purposes of the Motion to Dismiss.

Motion to Dismiss has merit.  *See* Response, p. 24.  The Court concludes that Plaintiffs should be given an opportunity to amend the complaint.  Plaintiffs may not allege facts for which they have no good faith basis.  *See* FED. R. CIV. P. 11(b).  The Court will set a deadline for amendments to pleadings at the initial pretrial conference on December 16, 2013.

### IV. MOTION BASED ON OFFER OF JUDGMENT

Defendants have presented to Plaintiffs a Rule 68 Offer of Judgment.  *See* Offer of Judgment, Exh. 1 to Response.  In the Offer of Judgment, Defendants offer to allow judgment to be entered against them in the amount of $2,000.00.  The amount includes all damages, costs, expenses, and attorneys' fees.

In theory, an Offer of Judgment pursuant to Rule 68 that affords the plaintiff complete relief could, under certain circumstances, moot his FLSA claim.  *See, e.g., Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 922 (5th Cir. 2008).  In this case, however, the Offer of Judgment would not provide complete relief to Plaintiffs.  The Offer is for $2,000.00, and Plaintiffs have presented evidence that attorney's fees alone well exceed that amount.  *See* Declaration of Don J. Foty, Exh. 3 to Response.  Because the Offer of Judgment does not afford complete relief, it does not render this lawsuit moot.  Defendants' Motion to Dismiss based on the Offer of Judgment is denied.

## V. CONCLUSION AND ORDER

The forum selection clause does not require dismissal of this lawsuit. Instead, Defendants may file a motion to transfer pursuant to § 1404(a). If Defendants elect to file a § 1404(a) motion, they must do so by December 1, 2013.

Plaintiffs have adequately alleged their status as employees, but have failed to allege an adequate factual basis for the assertion that Dish and Stockton are joint employers for purposes of their FLSA claim. As a result, the Rule 12(b)(6) Motion is denied as to the issue of their employee status and granted with leave to replead as to the issue of Defendants' joint employer status.

The Offer of Judgment, while sufficient to invoke the provisions of Rule 68(d), is insufficient to render this case moot. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss pursuant to Rule 12(b)(3) [Doc. # 9] is **DENIED** without prejudice to the filing by **December 1, 2013**, of a Motion to Transfer pursuant to § 1404(a), addressing the relevant factors for purposes of the § 1404(a) analysis. It is further

**ORDERED** that the Motion to Dismiss pursuant to Rule 12(b)(6) is **DENIED** as to the issue of Plaintiffs' status as employees and **GRANTED with leave to replead** as to the issue of Defendants' status as joint employer. The Court will set a

deadline for amendments to pleadings at the initial pretrial conference on December 16, 2013. It is further

**ORDERED** that the Motion to Dismiss this case as moot based on the Offer of Judgment is **DENIED**.

SIGNED at Houston, Texas, this **15th** day of **November, 2013.**

_____
Nancy F. Atlas
United States District Judge