IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDALL LEE and OKEY GRIMM,
On Behalf of Themselves and All Others
Similarly Situated,

    Plaintiffs,

        v.                                           13-CV-01219-KG-SCY

DISH NETWORK, L.L.C. and
STOCKTON TELECOMMUNICATIONS, INC.

    Defendants.

## ORDER

On February 27, 2015, Plaintiffs filed a Motion for Summary Judgment as to Employee Status (Motion for Summary Judgment) against Defendant Stockton Telecommunications, Inc. (Stockton). (Doc. 74). On March 17, 2015, Plaintiffs filed a Notice of Completion of Briefing. (Doc. 80). Immediately thereafter, on March 17, 2015, Defendant Stockton filed a Response to Plaintiffs' Notice of Completion of Briefing. (Doc. 81). In the response, Defendant Stockton asserts that it "was under the impression it had 21 days from the date of filing to respond to the Motion as is consistent with the Motion practice in this [C]ourt to date." *Id.* at 1. Further, Defendant Stockton requests an extension of time to file a response to Plaintiffs' Motion for Summary Judgment by March 20, 2015. *Id.*

*A. Background*

This lawsuit arises under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219, in particular the overtime and minimum wage provisions. The gravamen of Plaintiffs' complaint is that Defendant Stockton misclassified its satellite installation technicians as independent contractors to avoid paying overtime. Plaintiffs now move for judgment as a

matter of law that Plaintiffs were Defendant Stockton's employees under the FLSA.

B. Discussion

"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). "A response must be served and filed within fourteen (14) calendar days after service of the motion." *Id.* at 7.6(a). In light of the clear and longstanding rules in the District, this Court finds Defendant's notion that it had 21 days mystifying.

Under the Local Civil Rules for the District of New Mexico, the Court could deem Plaintiffs' Motion for Summary Judgment unopposed and Defendant Stockton as consenting to the granting of the Motion for Summary Judgment. Defendant Stockton's Response to Plaintiffs' Notice of Completion of Briefing, however, requests that this Court grant Defendant Stockton additional time to file a response to Plaintiffs' Motion for Summary Judgment. The Court finds this request and it's lodging in a "Response" to a Notice of Completion equally mystifying. Defendant Stockton must first request leave of this Court to file a motion for extension of time in accordance with Fed. R. Civ. P. 6(b)(1)(B).[1] *See Pinson v. Equifax Credit Info. Servs. Inc.*, 316 Fed. Appx. 744, 749 (10th Cir. 2009) (internal citation omitted).

IT IS, THEREFORE, ORDERED that

1. Defendant Stockton shall have until close of business on Monday, March 23, 2015, to file a motion for extension of time;

2. Plaintiffs shall have seven (7) days thereafter to file a response.

3. No reply from Defendant Stockton will be accepted.

---

[1] Fed. R. Civ. P. 6(b)(1)(B) states, in its entirety, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."

_____
UNITED STATES DISTRICT JUDGE