IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDALL LEE and OKEY GRIMM,
On Behalf of Themselves and All Others
Similarly Situated,

      Plaintiffs,

              v.                              13-CV-01219-KG-SCY

DISH NETWORK, L.L.C. and
STOCKTON TELECOMMUNICATIONS, INC.

      Defendants.

MEMORANDUM OPINION AND ORDER

On February 27, 2015, Plaintiffs filed a Motion for Summary Judgment as to Employee

Status against Defendant Stockton Telecommunications, Inc. (Stockton).  (Doc. 74).  On March

17, 2015, Plaintiffs filed a Notice of Completion of Briefing.  (Doc. 80).  Immediately thereafter,

Defendant Stockton filed a Response to Plaintiffs' Notice of Completion of Briefing.  (Doc. 81).

In the response, Defendant Stockton asserted that it "was under the impression it had 21 days

from the date of filing to respond to the Motion as is consistent with the Motion practice in this

[C]ourt to date."  *Id.* at 1.  Further, Defendant Stockton requested an extension of time to file a

response to Plaintiffs' Motion for Summary Judgment by March 20, 2015.  *Id.*

On March 20, 2015, the Court entered an Order advising Defendant Stockton that it

would not entertain a Motion for Extension until Defendant Stockton requested leave of the

Court.  (Doc. 83) at 2.

On March 23, 2015, Defendant Stockton filed a Motion for Leave to File Request for

Extension to Respond to Plaintiffs' Motion for Partial Summary Judgment and Motion for

Extension Subject to Granting of Leave.  (Doc. 84).  On March 30, 2015, Plaintiffs filed a response in opposition.  (Doc. 88).  For the following reasons, Defendant Stockton's Motion for Leave to File Request for Extension to Respond to Plaintiffs' Motion for Partial Summary Judgment and Motion for Extension Subject to Granting of Leave is granted.[1]

*A. Background*

This lawsuit arises under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–19, in particular the overtime and minimum wage provisions.  The gravamen of Plaintiffs' complaint is that Defendant Stockton misclassified its satellite installation technicians as independent contractors to avoid paying overtime.  Plaintiffs now move for judgment as a matter of law that Plaintiffs were Defendant Stockton's employees under the FLSA.  Since the inception of this case on July 16, 2013, the parties' motion practice complied with this District's Local Rule of Civil Procedure 7.4(a), which mandates that a party file a response to a motion "within fourteen (14) calendar days."

In October and November of 2014, Defendant Stockton's attorney of record, Mark Weitz of Weitz Morgan, PLLC, began participating in summary judgment motion practice in the United States Bankruptcy Court for the Southern District of Texas for another matter.  (Doc. 84) at 2-3.  Defendant Stockton asserts that the Southern District of Texas has not modified or abrogated the general rule of practice in federal court that allows for twenty-one days to respond to a motion.  *Id.* at 3.  Defendant Stockton surmises that at this juncture Mr. Weitz became "confused" between the filing deadlines in this Court and the Southern District of Texas.  *Id.* Moreover, Mr. Weitz's confusion materialized in February 2015, when active motion practice

---

[1]  The Court construes Defendant Stockton's Motion for Leave to File Request for Extension to Respond to Plaintiffs' Motion for Partial Summary Judgment and Motion for Extension Subject to Granting of Leave (Doc. 84) as two motions.  First, as a Motion for Leave to file a Motion for Extension (Motion for Leave).  Second, as a Motion for Extension of Time to File a Response to Plaintiffs' Motion for Summary Judgment (Motion for Extension).  The Court will address each motion accordingly.

in this case resumed.  *Id.*

Indeed, in February 2015, Defendant Stockton filed two discovery motions past this District's fourteen day deadline, but within a twenty-one day period.  *See* (Docs. 77 and 78). Because Plaintiffs did not file a notice of completion of briefing before Defendant Stockton's untimely responses and the Court ruled on the motions, Defendant Stockton argues that "the failure to comply with the local rule deadline became reinforced."  (Doc. 84) at 4.  Defendant Stockton contends that the failure to comply was "through pure error, and not any type of bad faith or refusal or ignoring of the rules."  *Id.* at 2.  Because Defendant Stockton misconstrued this Court's procedural rule, Defendant Stockton now seeks the Court's permission for leave to move for an extension to respond to Plaintiffs' Motion for Summary Judgment.

B. *Discussion*

1. *Motion for Leave*

Defendant Stockton argues that Mr. Weitz missed the response deadline because (1) he confused this Court's fourteen day response deadline with the twenty-one day response deadline of the Southern District of Texas; and (2) the discovery motion practice in this Court, in February 2015, observed a twenty-one day response deadline without comment from Plaintiffs or this Court.  Defense Counsel's misconception and mistake are insufficient to show good cause to warrant leave of the Court.

The Court finds, nonetheless, that in the interest of justice and judicial efficiency, good cause exists to grant the Motion for Leave.  First, the Motion for Leave was filed on March 23, 2015, ten days after Defendant's response deadline expired.  The delay was minimal.  Second, and more importantly, the issue in Plaintiffs' Motion for Summary Judgment—whether Plaintiffs are employees as opposed to independent contractors—is a seminal issue.  The Court has a

strong preference to resolve cases on the merits rather than by procedural default.  *Ct. Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990).  Therefore, the Court will grant Defendant Stockton's Motion for Leave.

   2.  *Motion for Extension*

   The District of New Mexico Local Rules of Civil Procedure mandate that a party must file a response to a motion "within fourteen (14) calendar days."  D.N.M. LR-Civ. 7.4(a).  The Local Rules further state that the fourteen day time period is computed in accordance with Fed. R. Civ. P. 6(a) and (d).  *Id.*  Fed. R. Civ. P. 6(b) states:

> (1) *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of *excusable neglect*.

(emphasis added).

   Plaintiffs filed the Motion for Summary Judgment on February 27, 2015.  Pursuant to Fed. R. Civ. P. 6(a) and (d), Defendant Stockton had until March 16, 2015, to file a response or a motion to extend the time to file a response.  As noted earlier, Defendant Stockton did not file a timely response and filed the Motion for Extension on March 23, 2015, after the time to respond expired.  Thus, in accord with Fed. R. Civ. P. 6(b)(1)(B), the Court may extend the time to file a response if it finds that the Defendant Stockton failed to act because of excusable neglect.

   "A finding of excusable neglect under Rule 6(b)[ ]requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period."  *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974).  "[I]t is clear that excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances

beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U .S. 380, 392 (1993) (internal quotations omitted).  Relevant factors in determining whether a party has failed to act because of excusable neglect include:  (1) "the danger of prejudice to the" non-movant; (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (citation omitted).  Whether to allow or refuse to consider an untimely filed document is in the Court's discretion. *See id.*

> a.   *Prejudice to the non-moving party*

Defendant Stockton contends Plaintiffs will not be subject to prejudice if the Court grants the Motion for Extension.  Instead, Defendant Stockton argues that it will be greatly prejudiced if the Motion for Extension is denied because a central issue in this case will be decided without a response from defense.  Plaintiffs counter that they will be prejudiced because "Defendant will likely continue with its behavior of disregarding the" Court's procedural rules.  Considering the procedural posture of this case, it appears unlikely that Plaintiffs would be prejudiced by having to defend their Motion for Summary Judgment on a central issue in this case.  Thus, this factor weighs in favor of granting the Motion for Extension.

> b.   *Length of delay and its impact on judicial proceedings*

Defendant Stockton's response to the Motion for Summary Judgment was due on March 16, 2015.  On March 23, 2015, Defendant Stockton filed the Motion for Extension.  The length of delay in filing the Motion for Extension, therefore, was roughly seven days.  Longer delays have been held to weigh in favor of the movant for the extension of time. *See Alsbrooks v. Collecto, Inc.*, 2010 WL 4067145, at *2 (D. Kan.) (twenty-eight day delay weighed in favor of

party moving for motion for extension of time); *Welch v. Centex Home Equity Co., L.L.C.*, 2004 WL 2348295, at *1 (D. Kan.) (delay of two months held to be "relatively innocuous").   In addition, considering that this case is set for trial in June 2015, the length of delay will have a minimal impact on the judicial proceedings.   On the other hand, Defendant Stockton has delayed the proceedings in this matter by failing to file a Motion for Leave on its own accord, and the delay required additional briefing from the parties.   The Court finds, however, that the length of delay and the impact on the judicial proceedings is minimal and, accordingly, weighs in favor of granting the Motion for Extension.

        *c.  Reason for the delay*

      The reason for delay is "perhaps the most important single factor [] in determining whether neglect is excusable." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004). Further, the moving party must allege specific facts to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).  As addressed earlier, Defendant Stockton's sole reason for the delay in filing a timely response was counsel's confusion between this Court's procedural rules and the Southern District of Texas.   In addition, Defendant Stockton states that counsel's misapplication was "reinforced" when neither Plaintiff nor this Court commented on Defendant Stockton's untimely discovery responses in February 2015.  Excusable neglect is not present merely because counsel becomes confused about a deadline or misapplies a readily accessible and unambiguous procedural rule.  *E.g.*, *United States v. Madrid*, 633 F.3d 1222, 1228-29 (10th Cir. 2011); *Biodiversity Conservation Alliance v. Bureau of Land Mgmt.*, 438 Fed. Appx. 669, 673 (10th Cir. 2011); *Torres*, 372 F.3d at 1163.  In fact, it is well established that ignorance of the rules, mistakes construing the rules, or inadvertence do not constitute excusable neglect.  *Quigley*, 427 F.3d at 1238 (internal citation omitted).  For this

6

reason, the third factor weighs heavily against the Court granting the Motion for Extension.

> ### d.   Good faith

Finally, the last factor is whether the movant acted in good faith.  Plaintiffs contend that Defendant Stockton acted in bad faith because it has consistently disregarded the Court's procedural rules since February 2015.  Defendant Stockton states that it was "through pure error, and not any type of bad faith or ignoring of the rules," that it failed to timely file a response. Indeed, Defendant Stockton filed its response to the Motion for Summary Judgment within the twenty-one day period that defense counsel misconstrued as the appropriate deadline in this Court.  Although Defendant Stockton failed to comply with this Court's filing deadline at least three times in February 2015, there is no indication that defense counsel acted in bad faith. Accordingly, the Court finds this factor weighs in favor of granting the Motion for Extension.

> ### e.   Conclusion

An analysis of the previous factors shows that the Plaintiffs likely would not be prejudiced by Defendant Stockton's delay in filing a response to the Motion for Summary Judgment.  Additionally, Defendant Stockton's length of the delay in filing the Motion for Extension was not excessive and likely would have a minimal impact on the judicial proceedings.  Moreover, the good faith factor also weighs in favor of Defendant Stockton.  The only factor that weighs against Defendant Stockton is its reason for the delay—counsel's confusion and misapplication of an unambiguous readily accessible procedural rule.  Although the Court places a heavy emphasis on the reason for the delay, excusable neglect is a "somewhat elastic concept." *Pioneer Inv. Servs. Co.*, 507 U .S. at 392.  Because three factors weigh in favor of granting the Motion for Extension and policy favors resolution of disputes on the merits, the Court grants Defendant Stockton's Motion for Extension.

IT IS, THEREFORE, ORDERED that

1.  Defendant Stockton's Motion for Leave to File Request For Extension to Respond to Plaintiffs' Motion for Partial Summary Judgment and Motion for Extension Subject to Granting of Leave (Doc. 84), is granted; and

2.  Plaintiffs shall have ten (10) days from this Memorandum Opinion and Order to file a reply to Defendant Stockton's Response to Plaintiffs' Motion for Partial Summary Judgment (Doc. 82).

_____
UNITED STATES DISTRICT JUDGE